# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalia Korneva, | No. CV-26-01505-PHX-MTL (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

Self-represented Petitioner Natalia Korneva, who is confined in the Eloy Detention Center, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), a Motion for Appointment of Counsel (Doc. 2), and a Motion for Order to Show Cause (Doc. 3) and paid the filing fees for this action.

Petitioner is a native and citizen of Russia who entered the United States on September 18, 2024. (Doc. 1 at 3.) On May 20, 2025, an Immigration Judge denied Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture and ordered Petitioner removed. (*Id.* at 4.) The Board of Immigration Appeals dismissed her appeal on November 6, 2025. (*Id.*) Petitioner appealed to the Ninth Circuit Court of Appeals; that appeal remains pending. (*Id.*)

Petitioner contends she has been detained nearly eighteen months without any individualized determination of whether she presents a flight risk or danger to the community. Petitioner contends her detention has become prolonged and, therefore, violates the Fifth Amendment (Ground One) and is an arbitrary and irrational application

of detention authority (Ground Two).  Petitioner seeks immediate release or, alternatively, a bond hearing.

The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings.  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention.  And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").  And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).  Based on Petitioner's allegations, the Court finds Petitioner is subject to mandatory detention and, therefore, not entitled to a bond hearing under statutory or constitutional authority.  The Court will dismiss the Petition without prejudice and deny as moot the Motion for Appointment of Counsel and Motion for Order to Show Cause.

**IT IS ORDERED:**

(1)    The Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.  The Clerk of Court must enter judgment accordingly and close this case.

(2)    Petitioner's Motion for Appointment of Counsel (Doc. 2) and Motion for Order to Show Cause (Doc. 3) are **denied as moot**.

Dated this 11th day of March, 2026.

Michael T. Liburdi
United States District Judge

- 2 -