**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Natalia Korneva,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-01505-PHX-MTL (MTM)

**ORDER**

The Court has considered the Petition for Writ of Habeas Corpus and the response thereto. (Docs. 1, 18) The parties are familiar with the factual details. In summary, Petitioner, a Russian national, presented herself at a port of entry at the United States-Mexico border seeking asylum and protection under the Convention Against Torture. Petitioner was taken into custody. The immigration judge and the Board of Immigration Appeals denied relief. Petitioner's appeal from the Board of Immigration Appeals' decision is pending before the United States Court of Appeals.

The Court finds as follows:

1. By presenting herself to United States Border Patrol at an international port of entry, Petitioner is an "applicant for admission" under Title 8, United States Code, Section 1225(a)(1).

2. Petitioner's application for asylum, having been denied, means that she is lawfully detained under Title 8, United States Code, Section 1225(b)(1)(B)(iii)(IV). That section provides, "[a]ny alien subject to the procedures under this clause shall be detained

pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." *See also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin.").

3. The proceedings afforded Petitioner comport with due process. *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) ("[A]n alien in respondent's position has only those rights regarding admission that Congress has provided by statute. In respondent's case, Congress provided the right to a 'determin[ation]' whether he had 'a significant possibility' of 'establish[ing] eligibility for asylum,' and he was given that right.") (quoting 8 U.S.C. § 1225(b)(1)(B)(ii), (v)).

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of Court must enter a judgment of dismissal and close this case.

**IT IS FURTHER ORDERED** that the Motion for Order to Show Cause (Doc. 11) is **DENIED** as moot.

Dated this 10th day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge